UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO N. JONES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-21629 (FLW)(LHG) |
| | : **MEMORANDUM OPINION** |
| MATTHEW MURPHY et al., | : |
| Defendants. | : |

Plaintiff Ricco Jones has submitted a Complaint and a renewed application to proceed *in forma pauperis* in this matter, which alleges violations of his civil rights arising from his state court prosecution.[1] The Court directs the Clerk of the Court to reopen this matter, grants Plaintiff's IFP application, and screens the Complaint for dismissal.

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). As noted above, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v.*

---

[1] Plaintiff has filed at least two prior actions about his arrest and prosecution in connection with a burglary at the Super 8 Motel. *See* Jones v. Somerset County Prosecutor's Office, Civ. Act. No. 15-2629 and Jones v. Murphy, Civ. Act. No. 18-10189. Plaintiff has been provided the opportunity to amend in both actions. *See id.*

1

*Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  Here, Plaintiff's Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that in 2012, he was an "associate" of an individual who was suspected of committing a burglary at the Super 8 Motel.  After reviewing Super 8 Motel's surveillance video, Defendant Joseph Walsh, Jr., a Detective with the Somerset Prosecutor's Office, proceeded to question Plaintiff on the whereabouts of the actual perpetrator, but Plaintiff refused to speak to him.  Complaint at ¶¶ 8-10.  Walsh allegedly harassed Plaintiff's grandmother about Plaintiff's whereabouts and sought information from her about the burglary at the Super 8 Motel. *Id.* at ¶¶ 12-14.  Walsh subsequently arrested Plaintiff at his grandmother's house in connection with the burglary at the Super 8 Motel.  *See id.* at ¶ 15.  Plaintiff was lodged at Somerset County Jail, and Walsh continued to harass him to provide information about the crimes and the perpetrator, but Plaintiff stated that he did not have any information, as the perpetrator was only an associate.  *Id.* at ¶¶ 16-19.

Plaintiff was subsequently indicted for unspecified crimes.  *See id.* at ¶ 20.  Plaintiff was represented by Defendant Matthew Katzenbach, a public defender.  Plaintiff told Katzenbach there was surveillance video of the crimes committed at the Super 8 Motel and that Plaintiff was "nowhere" on the surveillance video.  *Id.* at ¶ 23.  Katzenbach advised Plaintiff the surveillance video was "damaged" and also advised that it would be in Plaintiff's best interest to take a plea, as the evidence was "very strong."  *Id.* at ¶¶ 23-25.  The Complaint does not describe this other evidence.  Plaintiff faced a 19-year extended term if he went to trial.  *Id.* at ¶ 26.

"From June 2012, until May 2013, the day Plaintiff was due to start trial[,] Mr. Katzenbach, advised Plaintiff, that 'all' accusations from Indictment #12-07-540-1, were to be

dismissed." *Id.* at ¶ 27.  In a global plea, Plaintiff pleaded guilty to unrelated indictments and also pleaded guilty to one accusation from Indictment #12-07-540-I; all other counts of Indictment #12-07-540-I were dismissed.  *See id.* at ¶ 28.  The Exhibit attached to Plaintiff's Complaint indicates that Plaintiff pleaded guilty to one count of Fourth Degree Hindering Prosecution by providing False Information in violation of N.J.S.A. 2C:29-3(a)(7).  *See* ECF No. 1-2, attached as Exhibit to Complaint.

Plaintiff was sentenced to 18-months imprisonment at New Jersey State Prison on the hindering charge.  *See id.* at ¶ 29.  Plaintiff subsequently filed a petition for postconviction relief ("PCR"), and during his PCR, he "learned that the video surveillance was not damaged as told to Plaintiff, by Mr. Katzenbach."  *Id.* at ¶¶ 30-31.  On January 29, 2018, Plaintiff's conviction on Indictment # 12-07-540-I was vacated pursuant to an agreement with the state, and Plaintiff withdrew his PCR.  *See* Exhibit to Complaint.

Plaintiff alleges that Prosecutor Matthew Murphy prosecuted Plaintiff based on unspecified false information and that Murphy moved forward with the prosecution despite the video surveillance evidence.  *Id.* at ¶¶ 33-34.  Plaintiff also alleges that Walsh and Katzenbach exhibited deliberate indifference to his constitutional rights.  *See id.* at  ¶ 35.

Plaintiff's Complaint alleges Fourth and Fourteenth Amendment "Failure to Protect" and "Malicious Prosecution" claims against Defendants Walsh, Murphy, and Katzenbach.  Plaintiff alleges that Murphy and Katzenbach "were aware of constitutional violations at the behest of

Walsh" and all three Defendants "deliberately ignored" the video surveillance evidence showing that Plaintiff did not participate in any of the crimes at the Super 8 Motel. *See id.* at ¶¶ 39-40.

In Count Two of the Complaint, Plaintiff alleges a *Monell*[2] claim against the State of New Jersey, which allegedly controls the Somerset County Prosecutor's Office and makes final policy decisions. Plaintiff alleges there are widespread instances of malicious prosecution, false arrest, and false imprisonment by the Somerset County Prosecutor's Office and that the State of New Jersey is aware of the violations. *See id.* at ¶¶ 45-51. In Count Three of the Complaint, Plaintiff alleges violations of his civil rights under the New Jersey Civil Rights Act ("NJCRA").[3] *See id.* at ¶¶ 52-54. In Count Four, Plaintiff asserts claims against fictitious entities and defendants. *Id.* at ¶¶ 55-57.

The Court begins by dismissing <u>with prejudice</u> all § 1983 and NJCRA claims against the State of New Jersey and all damages claims against Defendants Murphy and Walsh in their official capacities.[4] It is well established that the State is not a "person" under § 1983, and claims against state actors in their official capacities for damages are really impermissible claims against the State.[5] *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)

---

[2] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

[3] The NJCRA was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution. *See Trafton v. City of Woodbury*, 799 F. Supp.2d 417, 443 (D.N.J. 2011). Because NJCRA and § 1983 claims are routinely treated as analogous, the Court considers them together. *See id*. (collecting cases).

[4] As explained below, Defendant Katzenbach is not a state actor in his capacity at Plaintiff's defense counsel.

[5] Plaintiff may not proceed on his claims against the State of New Jersey by reframing his claims as arising under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), which applies to local governments and not the State of New Jersey.

(explaining that a suit against a state or a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office).

The Court next addresses the malicious prosecution claims against Defendants Murphy, Katzenbach, and Walsh, in their personal capacities, which Plaintiff brings under 42 U.S.C. § 1983 and the NJCRA.[6] The Third Circuit has set forth a five element test for malicious prosecution:

> To prove malicious prosecution under [§ ] 1983, a plaintiff must show that:
>
> (1) the defendants initiated a criminal proceeding;
>
> (2) the criminal proceeding ended in plaintiff's favor;
>
> (3) the proceeding was initiated without probable cause;
>
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (2009), abrogated in part by *Thompson v. Clark*, 142 S.Ct. 1332, 1341 (2022) (hold[ing] that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction[]").

At issue is whether Plaintiff states a claim against any of the individual Defendants for malicious prosecution. For screening purposes, the Court assumes without deciding that Plaintiff has shown favorable termination and that Plaintiff needs to show favorable termination <u>on all the charges</u> for Indictment #12-07-540-I in order to state a claim for malicious prosecution. Because

---

[6] Plaintiff also vaguely alleges "Failure to Protect" claims, but his claims sound in malicious prosecution, and he does not provide facts to suggest that any Defendants failed to protect him from harm. This claim is therefore dismissed as to all Defendants.

5

Plaintiff alleges he set aside his conviction for Fourth Degree Hindering Prosecution by providing False Information in violation of N.J.S.A. 2C:29-3A(7) on January 29, 2018, the malicious prosecution claim also appears timely, measured from that date.[7]

Nevertheless, Plaintiff's malicious prosecution claims fail against each individual Defendant for other reasons. The Court addresses each Defendant separately.

Plaintiff contends that Prosecutor Matthew Murphy initiated and moved forward with Plaintiff's prosecution despite the video surveillance evidence which did not depict Plaintiff committing the crimes at the Super 8 Motel. He also alleges that Murphy was aware of unspecified constitutional violations committed by Walsh. Defendant Murphy is entitled to prosecutorial immunity with respect to his decisions to initiate and continue to prosecute Plaintiff under these circumstances. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). *See also Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *Rose v. Bartle*, 871 F.2d 331, 345 and n.12 (3d Cir. 1989). Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)

---

[7] Unlike false arrest and false imprisonment, the statute of limitations for a malicious prosecution claim under Section 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir. 2009); *Ginter v. Skahill*, 298 F. App'x. 161, 163 (3d Cir. 2008) ("When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest. Claims alleging malicious prosecution do not accrue until charges are dismissed.") (citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) (internal quotations omitted)).

(citations omitted); *see also LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012) "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The immunity afforded to prosecutors is very broad.  Prosecutors are also absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, *Schrob*, 948 F.2d at 1411; *Rose v. Bartle*, *supra*; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, *Kulwicki*, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, *Burns*, 500 U.S. at 490; *Kulwicki*, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, *Imbler*, 424 U.S. at 424-27; *Schrob*, 948 F.2d at 1417; *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir. 1976).  A falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges.  *Kulwicki*, 969 F.2d at 1464.

Because Prosecutor Murphy is plainly entitled to immunity for his decision to initiate and continue Plaintiff's prosecution, the Court dismisses <u>with prejudice</u> the malicious prosecution claims against Defendant Murphy pursuant to the Court's screening authority under 28 U.S.C. § 1915(e).

The malicious prosecution claim against Matthew Katzenbach is likewise subject to dismissal.  It is well established that "[c]riminal defense attorneys, including 'public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983.'" *Ellison v. Smith*, No. 18-16200, 2018 WL 6243044, at *2 (D.N.J. Nov. 28, 2018) (quoting *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir.

7

2014)); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client.  Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (internal quotation marks and citation omitted).  Moreover, neither public defenders nor private attorneys are state actors liable under § 1983 because they are not persons acting under the color of law.  *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) (alteration in original).

Here, Plaintiff alleges that Katzenbach told him that the video surveillance was damaged, that he should plead guilty because the evidence against him was strong, and that all counts of Indictment #12-07-540-I would be dismissed in his plea deal.  This advice, even if deficient, occurred in Katzenbach's capacity as Plaintiff's defense counsel.  As such, Katzenbach is immune from liability under § 1983.[8]  Moreover, Plaintiff does not plead any facts showing that Katzenbach was involved in the initiation of the criminal charges against Plaintiff or acted with any malice or an improper purpose.  For these reasons, Plaintiff's malicious prosecution claim against Defendant Katzenbach is dismissed <u>with prejudice</u> pursuant to the Court's screening authority under § 1915(e).

Finally, with respect to the malicious prosecution claims against Defendant Walsh, Plaintiff has not provided sufficient facts showing that Defendant Walsh 1) initiated Plaintiff's

---

[8] In addition, Plaintiff may not bring an ineffective assistance claim against his public defender under § 1983 or the NJCRA.  *See, e.g.*, *Introcaso v. Meehan*, 338 F. App'x. 139, 142 (3d Cir. 2009) ("We also note that Introcaso does not frame these claims as legal malpractice under state law, and ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983").

prosecution 2) without probable cause, or 3) that Walsh acted maliciously or for a purpose other than bringing Plaintiff to justice.  According to Plaintiff, Walsh viewed the surveillance video of the crimes being committed and knew that Plaintiff was not depicted on the surveillance video.  Walsh also arrested Plaintiff on unspecified charges and "harassed" him to provide information about the burglary suspect, who was Plaintiff's "associate," after Plaintiff told Walsh that he had no information.

From the outset, Plaintiff alleges that Defendant Murphy initiated and continued his prosecution and provides no facts to suggest that Walsh initiated his prosecution.  Even if the Court could infer that Walsh initiated or continued Plaintiff's prosecution, Plaintiff provides insufficient facts to suggest that his prosecution was without probable cause.  According to the Complaint, Plaintiff was charged, among other crimes, with hindering by providing false information in violation of N.J.S.A. 2C:29-3(a)(7).  The subsection to which Plaintiff pleaded guilty provides as follows:

> A person commits an offense if, with purpose to hinder the detention, apprehension, investigation, prosecution, conviction or punishment of another for an offense or violation of Title 39 of the Revised Statutes or a violation of chapter 33A of Title 17 of the Revised Statutes he: . . . . Gives false information to a law enforcement officer or a civil State investigator assigned to the Office of the Insurance Fraud Prosecutor established by section 32 of P.L.1998, c. 21 (C.17:33A-16).

N.J.S.A. 2C:29-3 (emphasis added).  In order to prosecute Plaintiff for this crime, Walsh would need probable cause to believe that Plaintiff gave false information to a law enforcement officer with the purpose of hindering the detention, apprehension, investigation, conviction, or punishment of another, i.e., Plaintiff's associate.  Walsh did not need probable cause to believe that Plaintiff was present for or participated in the burglary or other crimes at the Super 8 Motel.  Plaintiff's Complaint vaguely refers to the crimes committed at the Super 8 Motel and does not

9

specify the crimes with which he was charged or provide the basis for those charges. Moreover, depending on the circumstances of the underlying burglary and the contents of the surveillance video (about which the Complaint is largely silent), Plaintiff could be charged with the commission of the underlying crime(s) as an accomplice or coconspirator even if he wasn't present on the surveillance video. As such, the fact that Plaintiff did not appear on the surveillance video, standing alone, is insufficient to show that he was prosecuted for hindering, burglary, or related offenses without probable cause.

Plaintiff also fails to provide sufficient facts suggesting that Walsh acted maliciously or for any purpose other than bringing Plaintiff to justice. Plaintiff alleges that Walsh "harassed" him to provide information about the burglary suspect, but there are no well-pleaded facts beyond the word "harassed" to suggest that Walsh's questioning of Plaintiff was motivated by malice or an improper purpose. Moreover, mere verbal harassment or even threats, without more, do not give rise to constitutional violations, and are thus not actionable under § 1983. *See e.g., Callaway v. Small*, __ F. Supp.3d __, No. 1:21-cv-12058, 2021 WL 6062281, at *6 (D.N.J. Dec. 22, 2021) (collecting cases). Finally, Plaintiff provides no facts to suggest his conviction was overturned on the basis of any misconduct by Walsh.[9]

For all these reasons, Plaintiff has not provided sufficient facts showing that Walsh initiated his prosecution without probable cause and for a malicious or improper purpose, as required to state a claim for malicious prosecution. The Court dismisses the malicious

---

[9] In his Complaint, Plaintiff alleges that Katzenbach told Plaintiff the surveillance video was damaged, that he should plead guilty to the hindering charge based on the strength of the evidence against him, and that all the counts of Indictment #12-07-540-1 would be dismissed in Plaintiff's plea deal. As explained above, to the extent any of this advice amounted to ineffective assistance of counsel under the Sixth Amendment, such ineffective assistance of counsel does not provide the basis for a civil action under § 1983 or the NJCRA.

prosecution claim as to Defendant Walsh for failure to state a claim for relief under the Court's screening authority under 28 U.S.C. § 1915(e).

This is the third civil complaint Plaintiff has filed about his arrest and prosecution in connection with the burglary at the Super 8 Motel. Plaintiff has had numerous opportunities to plead sufficient facts against Defendant Walsh (or other Defendants) if such facts were available. For this reason, the Court declines to provide further leave to amend as to the malicious prosecution claims against Defendant Walsh.

Finally, the Court also dismisses Count Four of the Complaint, which asserts claims against fictitious entities and defendants, as improperly pleaded. Civil rights claims may be asserted against fictitious defendants pursuant to New Jersey's fictitious defendant rule, which reads as follows:

> In any action, ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.

N.J.R. 4:26–4. "The fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3d Cir. 2004) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 299 A.2d 394, 396 (1973)). The fictitious name designation also must have appended to it "an appropriate description sufficient to identify" the defendant. *Id.* (quoting *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 506 A.2d 1302, 1306–07 (1986)). Here, Plaintiff does not provide descriptions sufficient to identify any of the John Doe entities or individuals. Nor has he provided any facts to suggest that any unidentified entities or

individuals violated his civil rights under § 1983 or the NJCRA. As such, Count Four is dismissed pursuant to the Court's screening authority under § 1915(e).

For the reasons explained in this Memorandum Opinion, Plaintiff's IFP application is granted, and the Complaint is dismissed in its entirety pursuant to the Court's screening authority under § 1915(e). Further leave to amend is denied, as this is Plaintiff's third civil action arising from the same set of operative facts and he has been provided several opportunities to amend in those prior actions. An appropriate Order follows.

s/Freda L. Wolfson<br>
Freda L. Wolfson<br>
U.S. Chief District Judge 4/26/2022